**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ALEKSANDR GRISHIN,**<br>**A No. 241-012-263,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**CHRISTOPHER BULLOCK, Field Office Director, ICE ERO New Orleans; JOHN DOE, Officer in Charge, ICE Nashville holding facility; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States, in their official capacities,**<br><br>**Respondents.** | ) | **No. 3:26-cv-01647** |

**ORDER**

Before the Court is Petitioner Aleksandr Grishin's Emergency Motion for Temporary Restraining Order (Doc. No. 4). Having considered the motion, the verified Petition for Writ of Habeas Corpus, the exhibits, and the applicable law, the Court finds, for purposes of this interim relief only, that Petitioner is like to succeed on the merits of his claims that his October 19, 2026, detention is unauthorized by 8 U.S.C. § 1226(a) and/or violates the Due Process Clause of the Fifth Amendment; that he is likely to suffer irreparable harm if he is transferred outside the Western District before the Court can obtain the custody record and consider the Petition; and that the balance of equities and the public interest favor preserving the status quo.

The motion is therefore GRANTED, and the Court rules as follows:

1. Respondents, their officers, agents, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, shall not transfer or remove Petitioner from the Western District of Tennessee while this Order is in effect, unless the Court directs otherwise.

2. Respondents shall maintain Petitioner's reasonable access to his counsel of record, including confidential legal telephone calls and attorney visits, at his place of detention.

3. Respondents' counsel shall notify Petitioner's counsel by email within twenty-four (24) hours of any change in Petitioner's custodial location. Respondents shall file, with their first response in this action, a notice identifying Petitioner's present location and immediate custodian.

4. Nothing in this Order stays or enjoins Petitioner's removal, or addresses the merits of his pending appeal before the Board of Immigration Appeals.

5. Pursuant to Federal Rule of Civil Procedure 65(c), security is waived.

6. This Order takes effect upon notice. Petitioner's counsel shall serve a copy of this Order on Respondents and file on the docket when service is made. This Order shall remain in effect for fourteen (14) days from its entry unless extended by the Court for good cause or by consent. Fed. R. Civ. P. 65(b)(2).

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE



Case 3:26-cv-01647 Document 5 Filed 10/20/26 Page 2 of 2 PageID #: 86